The opinion of the court was delivered by
Breaux, J.
The defendants were placed upon their trial for burglary and larceny. One was acquitted; the other, Cady, was convicted and sentenced to the penitentiary during five years.
The case comes before us on appeal on bills of exception and a motion for a new trial.
Prom the first bill we gather that the prosecutor and the other witnesses for the State, by their testimony, fixed the hour of the burglary charged as having taken place between 9 and 10 o’clock.
*1348 The defendant sets up an alibi as his defence.
The witness for the defendant (his uncle), to prove the alibi, testified in chief that his dwelling is eight miles from the house where the burglary charged was committed, and he stated that on the night it is alleged the crime was committed the accused came to witness' house at 10 o’clock.
The defendant having announced that his case was closed, the District Attorney, in rebuttal, called two sons of the prosecuting witness, who testified that shortly after the commission of the alleged crime the witness just mentioned had stated in their presence and hearing that the defendant came to his house on the night of the alleged burglary and larceny at the hour of 11 o’clock.
The State closed its case in rebuttal. The defendant in sur-rebuttal of the testimony of the two sons of the prosecuting witness as to statements made by the uncle of the accused, as a witness, to show that this uncle was not biased, his testimony not a fabrication and that his motives were not improper, called two witnesses who had not previously testified, to prove that at or about the time stated by the two sons of the prosecuting witness, when no reason suggested bias or improper motive, the witness for the State made statements to them consistent with his examination in chief on the trial regarding the hour the defendant came to his home on the night of the alleged crime.
This evidence was excluded from the jury’s consideration by the trial judge on the ground that the testimony was not timely offered; that the evidence in chief for the defence had been closed, as was that of the State in rebuttal; that the defendant could not claim as a right the introduction of evidence in sur-rebuttal, it being a matter entirely within the court’s discretion.
Second — If the defendant had the right it could only be introduced as testimony in chief after an attempt on the part of the State to impeach the testimony of defendant’s witness by cross-examination, and not in sur-rebuttal.
Third — That the purpose was not to prove the incorrectness of the statement of the Dupont brothers, two sons of the prosecuting witness, but to show statements by Dubose, defendant’s witness, to the offered witness, whose testimony was excluded, at a time subsequent to the declarations made by him (Dubose) to the Duponts.
The trial judge adds that the testimony of the brothers Dupont *1349 was admitted to prove that Dubose made, some time prior to testifying, a statement at variance from that made by him as a witness; that the defendant, not the State, chose to prove that this witness is the uncle of the defendant; and that the District Attorney did not, on the ground of relationship of the witness, impute to him a desire to falsify the facts.
We are, in this case, confronted with the diaagreements that frequently arise between court and counsel as to facts.
Doubtless counsel are entirely honorable in their statement and sincerely believe that the facts are as they represent. This is unquestioned. It is only a question of error vel non in this case.
The duty and responsibility resting upon the District Judge, his opportunity for noting the facts, warrant the conclusion that he has not erred. The difference has an important bearing.
With reference to the timely offer of testimony, the first ground relied upon by the trial judge in excluding the testimony in State vs. Gonsoulin, 38 An. 461, this court decided that the defendant could not, as a right, examine witnesses to rebut the testimony given in rebuttal by the State, save in cases of rare occurrence; that it was a privilege the court could legitimately refuse to grant.
The case at bar is not exceptional and such as would justify us in taking it out of the ordinary rule in the trial of criminal cases.
Leaving this point, satisfied that the discretion of the court a qua was not improperly exercised, we nevertheless take up the next ground, equally as conclusive. The principle is laid down in the books that where “ evidence has been offered to show bias, improper motive, or recent fabrication on the part of the witness, calculated to account for the testimony given prior to similar statements made before such bias or motive could have actuated the witness, may be given on redirect examination or in rebuttal. Best, Principles of Evidence, p. 633.
We have the positive statement of the District Court that no such evidence was offered.
The contradiction itself of the witness regarding the hour of defendant’s return to his home was shown — nothing more. Not the least attempt was made by the District Attorney to show “bias, improper motive or recent fabrication on the part of the witness.”
The defendant chose to prove that the witness is the uncle; a fact not commented upon or referred to on the trial.
The general credibility of the witness was not at issue, nor can *1350 doubt upon his veracity be considered as having been cast by defendant’s proof of the relationship existing between them. On proof of that fact, that is the relation existing, this court will not assume that it had a tendency to impute a motive to testify to an untruth.
This case is not within the grasp of the rule.
The defendant assumes that recent fabrication to prove an alibi was imputed and that his witness was discredited upon that imputation ; having thus assumed he argues by reference to the authorities sustaining the principle that where the impeaching evidence goes to charge the witness with a recent fabrication of his testimony, it is but proper that evidence should be rebutted.
Mr. Wharton says that when a witness is assailed on the ground that he narrated the facts differently on former occasions, it is ordinarily incompetent to sustain him by proof that on other occasions his statements were in harmony with those made on the trial. Law of Evidence, p. 570.
In this case not only the testimony of^the witness was not assailed, but the defendant did not offer to impeach or contradict the testimony of the witnesses who testified that the statements (of his defendant’s witness Dubose) had not always been consistent with those made by him on the trial.
The second bill of exceptions is abandoned by the defendant. It is not referred to in the brief and presents no ground to set aside the verdict.
The last bill of exceptions taken sets forth the grounds urged for a new trial; that the deputy sheriff in charge of the jury said to them: “ You fellows had better go to work, for if you don’t decide this case soon the judge may lock you all up till next Saturday.”
It was not, as we understand from the bill of exceptions, a threat or an advice, or even a suggestion; it was only the purposeless utterance of a thoughtless officer. This utterance will not influence a body of reasonable men. It was meaningless and could have no influence upon their deliberations. It is manifest that these words, spoken under the circumstances narrated in the bill of exceptions, were not of such a nature that injury may be fairly presumed. It is. only upon that presumption that a verdict could be annulled.
The State vs. Summers, 4 An. 26; Thompson and Merriam, Sec. 362.
The defendant’s defence does not authorize us to grant him a new trial.
Judgment affirmed.