## BURKS v. STATE.

Opinion delivered March 31, 1906.

WITNESS—IMPEACHMENT—PROOF OF CONSISTENT STATEMENTS.—Where a witness has denied having made statements contradictory of those made by him upon the witness stand, and proof is introduced tending to prove such contradictory statements, former statements of the witness consistent with those made by him upon the stand are inadmissible in support of his testimony.

Appeal from Hot Spring Circuit Court; *Alexander M. Duffie,* Judge; reversed.

*M. S. Cobb,* for appellant.

The court erred in permitting the State, in rebuttal, to introduce testimony to prove that the prosecuting witness had made, shortly after the assault, a statement consistent with his testimony

on the witness stand, to the effect that he recognized appellant as one of his assailants. 63 Ark. 470; 62 Ark. 494; 66 Ark. 110; 72 Ark. 412; 16 Ark. 628; 56 Ark. 345; 42 L. R. A. 432; 49 C. J. L. 440; 51 S. W. 930; 70 S. W. 215; 85 S. W. 1179; 1 Ark. Law Rep. 290; *Ib.* 406; 30 Am. & Eng. Enc. Law (2 Ed.), 1140; 4 L. R. A. 296; 11 *Ib.* 75; 48 S. W. 986.

*Robert L. Rogers, Attorney General,* for appellee.

McCulloch, J. Appellant, Al Burks, was convicted of the crime of assault with intent to kill. The facts of the case are sufficiently stated in the opinion of this court on a former appeal. 72 Ark. 461. The prosecuting witness, W. W. Reiblin, who was the party upon whom the felonious assault is alleged to have been committed, testified that he identified appellant as one of his assailants, and appellant's counsel, after laying the proper foundation by asking Reiblin if he had not on other occasions stated that he did not recognize the persons who assaulted him, to which questions he replied in the negative, introduced witnesses who testified that Reiblin had made such contradictory statements. The court permitted the State in rebuttal, over the objection of appellant, to prove that Reiblin stated to witness, a few hours after the assault, that he recognized appellant as one of the assaulting parties.

The question is therefore presented whether or not, where a witness has denied having made a statement contradictory of those made upon the witness stand, and proof is introduced tending to establish such contradictory statements, former statements of the witness consistent with those made by him upon the stand are admissible in support of his testimony. Authorities are not wanting sustaining the rule as to admissibility of such testimony Prof. Wigmore, after reviewing the decisions on the subject, casts the weight of his opinion in favor of its admissibility. 2 Wigmore on Ev., § 1126. There are some courts which hold to the rule that the evidence is admissible for the purpose of corroborating or re-establishing the testimony of the witness on the main question, on the ground that the jury should be permitted to hear the previous consistent, as well as contradictory, statements and decide which are true, but that rule finds scant support in the adjudged cases, and is generally discredited. The

courts which have adopted the rule of admissibility of the testimony put it on the ground stated by Prof. Wigmore, that it is for the purpose of supporting the witness in his denial of the contradictions. This view is stated by Judge COOLEY in delivering the opinion in *Stewart* v. *People,* 23 Mich. 74. "The rule is," says Reade, J., in *State* v. *Parish,* 79 N. C. 610, "that when the witness is impeached—observe, when the *witness* is impeached— it is competent to support the witness by proving consistent statements at other times, just as a witness is supported by proving his character; but must not be considered as substantive evidence of the truth of facts, any more than any other hearsay evidence."

This view, while not without reason and authority to support it, is, we think, clearly against the weight of authority. The courts of the following States adhere to that rule: Indiana, North Carolina, Pennsylvania, South Carolina, Tennessee and Texas. *Perkins* v. *State,* 4 Ind. 222; *Hinshaw* v. *State,* 147 Ind. 334; *State* v. *Parish, supra; McKee* v. *Jones,* 6 Pa. 425; *Tyler* v. *Tyler,* 1 Hill. Eq. 77; *Graham* v. *McReynolds,* 90 Tenn. 673; *Red* v. *State,* 40 S. W. 408.

The courts of the following States are found arrayed against the admissibility of such evidence: Alabama, California, Georgia, Iowa, Louisiana, Massachusetts, Mississippi, Missouri, Montana, New Hampshire, New York and Vermont. *Jones* v. *State,* 107 Ala. 93; *People* v. *Doyell,* 48 Cal. 90; *Mason* v. *Vestal,* 88 Cal. 396; *McCord* v. *State,* 83 Ga. 521; *State* v. *Vincent,* 24 Iowa, 570; *State* v. *Cady,* 46 La. Ann. 1346, 16 So. 195; *Commonwealth* v. *Jenkins,* 10 Gray, 485; *Hewitt* v. *Cory,* 150 Mass. 445; *Head* v. *State,* 44 Miss. 731; *State* v. *Taylor,* 134 Mo. 109; *Kipp* v. *Silverman,* 25 Mont. 296; *Reed* v. *Spaulding,* 42 N. H. 114; *Dudley* v. *Bolles,* 24 Wend. 465; *Lavigne* v. *Lee,* 71 Vt. 167.

The courts of Missouri, New Hampshire and New York first admitted such testimony, but in later decisions excluded it. So the earlier English decisions held it admissible, but later repudiated the doctrine.

Greenleaf lays down the rule in accord with the majority of the courts as before cited, but states an exception, which is found in many decisions, "where a design to misrepresent is charged upon the witness in consequence of his relation to the party, or to the cause; in which case, it seems, it may be proper to show

that he made a similar statement before that relation existed." Wharton, Cr. Ev., § 492; Greenleaf, Ev. (15 Ed.), § 469; 2 Phillips, Ev. 445, 446; *Nichols* v. *Stewart*, 20 Ala. 358; *People* v. *Doyell, supra; State* v. *Vincent, supra; State* v. *Cady, supra; State* v. *Reed*, 62 Me. 129; *Red* v. *State, supra; State* v. *Flint*, 60 Vt. 304; *Ellicott* v. *Pearl*, 10 Pet. (U. S.) 412; *Conrad* v. *Griffey*, 11 How. (U. S.) 480.

The facts of the case at bar do not, however, fall within any of the exceptions noted in the cases cited. It is true that appellant introduced testimony tending to establish contradictory statements of the prosecuting witness, Reiblin, and that the latter entertained feelings of animosity toward him which prompted a design to misrepresent the facts and connect him with the assault as the assailant, but there was no testimony tending to show that the relations between the parties were in anywise changed between the dates of any of the alleged statements and the date of the trial at which the testimony of Reiblin was given which was sought to be contradicted. The proof of ill feeling and personal animosity all showed that it existed before the assault, and that there was no change in this respect after the assault. The state of feeling was precisely the same at the various times all the alleged statements were made, and the only purpose which the previous consistent statements could serve would be to corroborate the statement given under oath at the trial. This, we think, is clearly improper. We can see no distinction whatever in admitting the testimony for the purpose of corroborating the witness as to his statement on the main fact, and in admitting it for the purpose of corroborating his denial of the contradiction, unless, as in some of the cases just cited, there has been some change in the circumstances or relations between the parties which might have prompted a recent fabrication or design to misrepresent the facts. After all, the effect of proof of previous consistent statements could only be to corroborate the statement of the witness under oath by his own words uttered on another occasion. It would add nothing to his statement upon the witness stand, either as to his testimony on the main issue, or as to his denial of the contradiction. We are of the opinion that the admission of the testimony by the court was improper and prejudicial, and should not have been allowed.

Numerous other rulings of the court are assigned as error, but, after consideration of the whole record, we find nothing prejudicial to appellant.

But, for the error indicated in admission of evidence, the judgment is reversed, and the case remanded for a new trial.

RIDDICK, J., not participating.