## BIRONES *v.* STATE.

### Opinion delivered October 14, 1912.

1. BURGLARY—VARIANCE—IDEM SONANS.—An indictment for burglary of the house of one Nowlin is sustained by proof of burglary of Nolan's house; the two names having substantially the same sound. (Page 84.)

2. INDICTMENT—WHEN OBJECTION WAIVED.—An indictment for burglary which in one count charged the entry of the house with intent to commit rape and grand larceny, is not objectionable on that account after verdict where the sufficiency of the indictment had not been challenged previously by demurrer or otherwise. (Page 84.)

3. BURGLARY — PROOF OF INTENT—SUFFICIENCY OF EVIDENCE.—Proof that defendant entered the bedroom of a young lady in the night where there was reason to suppose that he knew she was sleeping, and where articles of personal property were kept, will justify an inference that his intent was to commit either rape or grand larceny. (Page 84.)

4. SAME—IDENTIFICATION OF DEFENDANT.—It was not error to permit an eye-witness of a burglary to testify that she afterwards saw defendant at police headquarters and recognized him as the man who committed the crime. (Page 85.)

5.   APPEAL AND ERROR—OBJECTIONS TO EVIDENCE—WAIVER.—On appeal
     objections to evidence admitted are waived where no exception
     was saved at the time to the court's ruling.   (Page 86.)

6.   INSTRUCTIONS—REPETITION.—Proper instructions requested were
     properly refused where they were embodied in the court's charge.
     (Page 86.)

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea*, Judge; affirmed.

*Hal L. Norwood*, Attorney General, and *Wm. H. Rector*, Assistant, for appellee.

1.   There is no fatal variance between the allegation and the proof. The name "Nowlin" and "Nolan" are *idem sonans*. 72 Ark. 613; 1 Ark. 503; 20 Ark. 97; 12 Ark. 128; 62 Ark. 516; 35 S. W. (Tex.) 173; 91 Va. 808; 29 Cyc. 272 *et seq.*

2.   There is no error in admitting the testimony touching the identification of the defendant at the city hall by the prosecuting witness. It was competent for her to tell the circumstances under which she next saw the defendant.    103 Ark. 165.

3.   No exceptions were saved to the court's failure to exclude the testimony relative to frequent arrests of Baker, appellant's associate. Moreover, it was not improper for the jury to be informed of the character of the men with whom appellant associated.    53 Ark. 387.

McCULLOCH, C. J.  The grand jury of Pulaski County returned two indictments against defendant, David Birones, one charging him with the crime of assault with intent to kill, committed by shooting at Miss Ruth Andrews, and the other charging him with the crime of burglary, committed by entering the dwelling house of Miss Mary Nolan in the night time with the felonious intent to ravish her, and also that he entered with the felonious intent to steal the property of said Mary Nolan. Pleas of not guilty were entered in each case, and by consent of the prosecuting attorney and defendant's counsel the two cases were tried together. The jury returned a verdict of guilty in each case, and defendant has prosecuted an appeal to this court.

No brief has been filed in behalf of the defendant, and we are compelled to look solely to the motion for new trial to determine what is relied on as ground for reversal, and only

such matters will be mentioned in the opinion as we deem worthy of discussion.

In the first place, the point is raised that there is a variance between the proof and the allegations in the indictment concerning the ownership of the house, it being alleged in the indictment that defendant entered the house of Miss Mary *Nowlin,* whereas the real name of the lady is Mary *Nolan.* The names having substantially the same sound, the variance is not sufficient to defeat the conviction under this indictment. *Rector* v. *Taylor,* 12 Ark. 128; *Bennett* v. *State,* 62 Ark. 516; *Taylor* v. *State,* 72 Ark. 613; *Burks* v. *State,* 35 S. W. (Tex.) 173; *Pitsnogle* v. *Commonwealth,* 91 Va. 808.

The indictment for burglary charged the entering of the house for two purposes, one with intent to commit rape and the other with intent to commit grand larceny. This was equivalent to charging the same offense committed in two different ways, and should have been embraced in separate counts of the indictment; but, inasmuch as the form and sufficiency of the indictment has not been challenged by demurrer or otherwise, it is too late after verdict to complain.

The testimony establishes the fact that Miss Andrews was spending the night with Miss Nolan in the apartments of the latter, and late in the night they discovered a man entering the room through a window, whereupon they both made an outcry, and he fired at Miss Andrews as they ran out of the room. The testimony of the two ladies coincided about the entry of the man into the room and the firing of the shots, and Miss Andrews positively identified the defendant as the man who committed the deed. She testified that she saw defendant at police headquarters when he was arrested a few days after the commission of the offense, and recognized him, and at the trial she pointed him out on the witness stand, and stated positively that he was the man who entered the room and fired the shot at her. Miss Nolan was unable to recognize the defendant. The evidence was, we think, sufficient to warrant the conviction for the offense named in each indictment. It is not disclosed by the verdict of the jury what the finding was as to the intent of the defendant, whether to commit rape or to commit grand larceny, but we are of the opinion that the jury were warranted in drawing the inference

from the circumstances that he entered the room with the intent to commit one of the felonies mentioned. He° entered the bedroom of a young lady in the night time, where there is reason to suppose he knew she was sleeping, and where articles of personal property were kept, and it is not an unreasonable inference that he meant to commit larceny or to perpetrate the crime of rape upon the person of the young lady. The fact that, on account of alarm being given, he did not commit either of the offenses named is not conclusive of the fact that he did not enter for the purpose of committing one of those two offenses. *Harwick* v. *State*, 49 Ark. 514; *Monk* v. *State, ante* p. 12.

During the progress of the examination of Miss Andrews as a witness on the trial of the case, she was asked to relate the circumstances concerning her identification of defendant at the city hall just after his arrest. In reply to the question of the prosecuting attorney, she gave the following answer: "Well, Captain Clifton had planned for me to go in the adjoining room where he was sitting, and we went in first, and we were casually talking, and he was to be brought in and to be set in a chair facing me; that is how I got a good look at him." Defendant's counsel interposed an objection to any statement as to what took place at the city hall, whereupon the court ruled that "the State has a right to show, not what they may have told her, but where she next saw him and under what circumstances, without saying anything about what anybody else told her." The witness merely continued with the statement that she saw the defendant at police headquarters, and nothing else was related concerning the identification. The court at one time permitted another witness to testify that Miss Andrews identified the defendant at police headquarters, but subsequently the court withdrew this and directed the jury not to consider any testimony in that connection, except the bare statement of Miss Andrews that she saw the defendant at police headquarters and recognized him. In the recent case of *Warren* v. *State*, 103 Ark. 165, we held that what is termed an extrajudicial identification is inadmissible as original testimony. The ruling of the trial court in excluding the testimony of the witness, Wilson, was in accordance with the announcement of this court in the Warren case; but the testimony of Miss Andrews, in stat-

ing that she saw defendant at police headquarters and recognized him, in nowise violated the rule we have laid down. It was entirely competent for her to state how often she had seen the defendant before and after the commission of the crime, and whether she recognized him or not.

Another error of the court is assigned in the motion for new trial, in permitting a witness to testify concerning the frequent arrest of one of defendant's associates; but, as no exception was saved to the court's ruling at the time, we are not at liberty to pass upon the correctness of the ruling.

The court refused to give any of the instructions requested by defendant's counsel, but all of them which constituted correct statements of the law were embodied in the court's charge to the jury.

A careful examination of the record discloses no error, and the judgment must therefore stand affirmed. It is so ordered.