GILL *v.* STATE.

Crim. 4042

Opinion delivered September 27, 1937.

M. L. Reinberger, A. G. Meehan and John W. Moncrief, for appellant.

Jack Holt, Attorney General, and John P. Streepey, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted jointly with Walter Baxter and Marvin Kennedy by the grand jury of Jefferson county for willfully, unlawfully and feloniously taking and stealing and carrying away one cow and one bull, the property of Floyd Beedle, with the felonious intent to convert same to their own use, contrary to the statute in such cases made and provided.

They were tried in the circuit court of Jefferson county with the result that Walter Baxter and Marvin Kennedy were acquitted; and appellant was convicted and adjudged to serve a term of one year in the state penitentiary as a punishment for the crime.

Appellant has duly prosecuted an appeal to this court from the judgment of conviction.

In August, 1936, six head of cattle, three owned by R. I. Culifer, two by Floyd Beedle and one by W. L. Bailey, disappeared from the community where Culifer, Beedle and Bailey lived in Jefferson county, some six or seven miles from where appellant lived. The cattle had

been running on the range and on Saturday after they disappeared on Wednesday or Thursday the hides of six cattle were found by Culifer, Beedle and Bailey in the place of business of Jones & Denhardt in Stuttgart. Jones & Denhardt were hide buyers and bought the six hides from appellant on Friday and paid him for them. Appellant used the money he received for the hides in paying Marvin Kennedy for hauling six cattle from his farm to Stuttgart Friday morning where they were skinned during the afternoon and placed in the cold storage plant to be sold by J. H. Wilson who had skinned them for appellant.

Culifer, Beedle and Bailey each testified in the trial of the case that the hides they found at Jones & Denhardt's place of business had been removed from their six head of cattle, identifying them largely by the color of the hides, and the heads, feet, etc., they found and viewed at the slaughter house where the cattle had been skinned. They and the buyers of the hides were, permitted to testify to what was said and done between themselves and the buyers when they viewed the hides on Saturday, over the objections and exceptions of appellant. What was said between them leading up to the identification and what was done was admitted in evidence by the trial court as substantive or original evidence tending to show guilt of appellant. The court allowed them to testify that the buyers being convinced that the hides were removed from cattle belonging to Culifer, Beedle and Bailey, turned the hides over to the claimants and after doing so bought the hides back from them. In arguing the effect of this evidence to the jury, the prosecuting attorney was permitted, over objection and exception of appellant, to say to the jury:

"The identification was so perfect (referring to purported identification made by Beedle, Bailey and Culifer of some hides on Saturday) that the men that bought those hides said, 'Yes, they are your hides, and we will pay you for them'."

This character of evidence is referred to in the law books as extrajudicial identification and, according to

the weight of authority, is not admissible even though the identifying witness or witnesses had been impeached by any method known for impeaching witnesses. *Burks v. State,* 78 Ark. 271, 93 S. W. 983, 8 Ann. Cas. 476. There is no authority whatever for admitting an extrajudicial identification as original evidence of guilt. This court said in the case of *Warren v. State,* 103 Ark. 165, 146 S. W. 477, Ann. Cas. 1914B, 698, that: "But nowhere, so far as we can ascertain, has it ever been held that a so-called extrajudicial identification is admissible as original evidence; and it was, therefore, in any view of the case, inadmissible for there was no attempt to impeach the witness by contradictory statements or otherwise. The testimony was introduced as original evidence, and it was clearly inadmissible, for it was not competent to corroborate the identifying witness by proof of former identification."

The trial court, therefore, erred in admitting the former identification of the witnesses Culifer, Beedle and Bailey.

It is, also, contended that the court committed reversible error in not admitting the record that was made or the receipt that was given for the cattle when they were placed in the cold storage plant. This receipt or record showed who put them in the cold storage plant and the weight of each head of cattle. The weights would have tended to show the size of the cattle and whether they were larger or smaller than the cattle claimed by Beedle, Culifer and Bailey. We think this evidence was admissible for these purposes as the identification of the cattle was the real issue in the case.

Other assignments of error appear in the record, but they relate to the correctness of some of the instructions which may not be requested or given by the court when the case is tried again.

On account of the errors indicated the judgment is reversed, and the cause is remanded for a new trial.