TRIMBLE & WILLIAMS *v*. STATE.

4871            302 S. W. 2d 83

Opinion delivered May 20, 1957.

*Charles L. Carpenter* and *Terral & Rawlings,* for appellant.

*Bruce Bennett, Atty. General,* and *Russell Morton, Ass't. Atty. General,* for appellee.

MINOR W. MILLWEE, Associate Justice. The appellants, Warren "Son" Trimble and Bobby Dale Williams, were convicted of the crime of robbery by forcibly taking and stealing an automobile from K. C. Parker on March 3, 1956.

At the trial K. C. Parker testified he was asleep in his car which was parked at a cafe about 1:30 A.M. when appellants attacked him, demanded his money and drove his car to the airport where he escaped and notified the police. He also testified that, acting upon

information he gave the police, appellants were arrested about three days later and placed in the county jail where he identified them as the parties who robbed him.

The only other witness for the State was a deputy sheriff who was permitted to testify, over appellants' objections and exceptions, that he was present when K. C. Parker came to the county jail and made a "line-up" identification of the appellants as the parties who had robbed him. The sole issue is the admissibility of this testimony.

The authorities are divided as to the competency of evidence of so-called "extrajudicial identification" in a trial where the accused's identity as the guilty party is in dispute. Most courts subscribe to the proposition that the prior consistent statements of a witness who has not been impeached are not admissible in evidence for the purpose of corroborating or bolstering his testimony. We are committed to the view that evidence of extra judicial identification is incompetent as either substantive or corroborative evidence if there has been no impeachment of the prosecuting witness or his testimony.

In *Gill* v. *State,* 194 Ark. 521, 108 S. W. 2d 785, we said: "This character of evidence is referred to in the law books as extrajudicial identification and, according to the weight of authority, is not admissible even though the identifying witness or witnesses had been impeached by any method known for impeaching witnesses. *Burks* v. *State,* 78 Ark. 271, 93 S. W. 983, 8 Ann. Cas. 476. There is no authority whatever for admitting an extrajudicial identification as original evidence of guilt. This court said in the case of *Warren* v. *State,* 103 Ark. 165, 146 S. W. 477, Ann. Cas. 1914B, 698, that: 'But nowhere, so far as we can ascertain, has it ever been held that a so-called extrajudicial identification is admissible as original evidence; and it was, therefore, in any view of the case, inadmissible for there was no attempt to impeach the witness by contradictory statements or otherwise. The testimony was introduced as original evidence, and it was clearly inadmissible, for it was not

competent to corroborate the identifying witness by proof of former identification'." As Judge McCulloch said in *Burks* v. *State, supra:* "After all, the effect of proof of previous consistent statements could only be to corroborate the statement of the witness under oath by his own words uttered on another occasion. It would add nothing to his statement upon the witness stand, either as to his testimony on the main issue, or as to his denial of the contradiction." See also, *Rogers* v. *State,* 88 Ark. 451, 115 S. W. 156, 41 L. R. A. (N. S.) 857; *Birones* v. *State,* 105 Ark. 82, 150 S. W. 416; and cases collected in annotations in 70 A. L. R. 910 and 140 A. L. R. 176.

Admission of the testimony of the deputy sheriff resulted in prejudicial error. The judgment is accordingly reversed, and the cause remanded for a new trial.