Robert Lee WHITE *v.* STATE of Arkansas

CR 80-12                                              605 S.W. 2d 11

Supreme Court of Arkansas
Opinion delivered September 29, 1980

*John W. Achor*, Public Defender, by: *James H. Phillips*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by:*Joseph H. Purvis*, Deputy Atty. Gen., and *James F. Dowden*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Robert Lee White was convicted in Pulaski Circuit Court of burglary, three counts of rape and three counts of robbery. He was sentenced to three life terms for the rapes; 10 years imprisonment each for the robberies and 20 years for the burglary, all to run consecutively. On appeal he raises two procedural issues. He argues that his confession was erroneously admitted as evidence and that a victim-witness was improperly allowed to tell the jury she had identified White at a pretrial lineup.

We find no merit to either argument and, finding no other errors that would require us to reverse White's conviction, affirm the judgment.

The evidence regarding White's confession consisted essentially of the testimony of two police officers and White. White was taken to the station at about 1:15 p.m. on July 26, 1977. Both officers testified that there were no promises, threats, or coercion involved in obtaining White's statement. According to the officers, White was advised of his rights at 1:15 p.m. and again at 6:50 p.m. on that same day.

White denied that he made any statement at all or that he was advised of his rights at 1:15 p.m. or at 6:50 p.m. His testimony was that he was never advised of his rights until after the alleged statement was taken.

White's argument on appeal is that because he was held for about five hours subject to interrogation, his statement was not reliable and should not have been admitted. He also points out that the officers contradicted each other concerning the availability of a tape recorder. The trial court determines whether a statement is voluntary and we review that decision by examining the totality of the circumstances and then deciding if the trial court's decision was against the preponderance of the evidence. *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1974). Certainly, on the evidence presented in this record, we cannot say the trial court was wrong.

Only one of the three victims could identify White. The alleged crime took place at a residence where the three victims lived. At a lineup, the legality of which is not in issue, one of the victims identified White as her assailant. During her testimony, more than two years later and in response to a question by White's attorney, she replied that she had identified White previously at a lineup.

The argument to us is that such a statement is inadmissible, prejudicial, and grounds for a mistrial. The case of *Trimble & Williams* v. *State*, 227 Ark. 867, 302 S.W. 2d 83 (1957) is cited as authority for that proposition. It is not controlling. In *Trimble* two police officers were permitted to testify in the State's case in chief that they saw a prosecuting witness identify the accused in a lineup.

That is not what happened in this case. The victim gave this answer after she had been cross-examined extensively about her identification of White and the description of him that she had given to the police. She contended that she gave the police officers a general description of the height, weight, and face of her assailant. Apparently, there was nothing on the police report to show this. Since she conceded that she had only gotten a glimpse of her assailant's face, that statement was the subject of cross-examination. Finally, White's

attorney asked her, "Q. Yet you never at any time gave any description as to lips, nose, eyes, hairs, marks or anything about the man's face or any physical characteristics?" Her answer was, "I identified him positively in the lineup."

The trial court held that the subject had been opened up by the cross-examination and we agree with that decision. Her credibility had been questioned and it was not prejudicial error for her to make the statement concerning prior identification. *Bishop* v. *State*, 236 Ark. 364 S.W. 2d 676 (1963).

Affirmed.