## BEAVERS *v.* STATE.

Decided March 14, 1891.

1. *Assault with intent to kill - Instruction.*
   Where one is indicted for an assault with intent to kill the brother of a girl whom he had seduced, a reference in the court's charge to the age and infirmity of the girl's father or to the fact of the seduction, not limiting the jury's consideration of the latter fact to its bearing on the *animus* with which the assault is made, is calculated to prejudice the jury against the defendant.

2. *Abstract instruction.*
   An instruction based upon a state of facts not in evidence is erroneous.

3. *Self-defense—Attempt to debauch a woman.*

The court charged that if the defendant went to the house of the girl's parents for the purpose of forcibly taking her away, in order to further debauch and degrade her, and upon arriving there, with his hand upon his pistol, called to her to come and go with him, and she replied that her brother was at the window and was going to shoot, and the defendant thereupon fired at the brother with intent to kill, then the jury should convict; for in that event it would be immaterial who fired the first shot. *Held,* erroneous, in that it failed to state that, before the unlawful purpose with which he went there could cut off his right of self-defense, it must appear that he attempted to carry it into effect.

APPEAL from *Logan* Circuit Court.

HUGH F. THOMASON, Judge.

*Evans & Hiner* and *John S. Little* for appellant.

*W. E. Atkinson,* Attorney General, for appellee.

HUGHES, J.  The appellant was convicted of an assault with intent to kill John Pridmore, and appealed to this court.

The evidence in the case tended to show that the appellant had, some time prior to the alleged assault, seduced and debauched his sister-in-law, Mattie Pridmore, the sister of John Pridmore, and that on that account bad blood and ill feeling had existed between the said John Pridmore and the defendant.

For the purpose of this opinion it is not important to state here the evidence in the case, nor to discuss the instructions given to the jury by the circuit court, except the following: "The court charges you that if you find from the evidence that Mattie Pridmore, being the sister of John W. Pridmore and being a girl of tender years, towit: under the age of eighteen years, and her father being old and infirm ; and you further find that, prior to that time, the defendant had seduced and debauched the said Mattie; and that, on the day of and before the alleged assault, she being at her father's house, and her father and John W. desiring to keep and protect her from further debasement ; and you further find that witness, John W., had

S C—22

stated and declared that, if necessary to so protect her, he would do so, even to the taking of the life of the defendant; and that, on the morning of the alleged assault and a short time prior thereto, these facts were communicated to the defendant, and that the defendant thereupon, armed with a deadly weapon, immediately proceeded to the house of said Mattie's parents for the purpose of forcibly taking her away in order to further debauch and degrade her, and upon arriving there, with his hand on his pistol, he called to her to come and go with him, and said Mattie replied, 'Johnny is at the window with a gun and is going to shoot,' and that defendant responded, 'Yes, Johnny, d—n you; I see you,' and drew his pistol and fired at witness, John W., with intent to kill him, you should convict; for in that event it would be immaterial who fired the first shot."

1. Charge as to assault with intent to kill.

This instruction, in the opinion of the court, should not have been given, because, first, the age and infirmity of Mattie Pridmore's father was not material to the issue, nor was the fact that the defendant had seduced and debauched the said Mattie prior to the alleged assault material, further than to show the *animus* with which the assault was made. Evidence to show the state of feeling that had existed between the parties a short time anterior to the difficulty was proper to aid the jury in forming a conclusion as to the intent with which the assault was made, if they found that an assault had been made by the defendant, as charged in the indictment, upon John Pridmore. But it was not proper that they should consider wrongs which the defendant had committed before the assault, which had no connection with the assault. To allow them to do so was calculated to prejudice them against the defendant, and could not have aided them in arriving at an unbiased and correct conclusion. It was erroneous therefore to refer in this instruction to the fact that the defendant had seduced Mattie Pridmore, save for the purpose indicated.

2. Abstract instruction.

Secondly, because there was no evidence in the case upon which the jury could have found that the defendant had

proceeded to the house of Mattie Pridmore's parents for the purpose of forcibly taking her away in order to further debauch and degrade her. An instruction based upon a hypothetical state of facts as to which there is no evidence is abstract and erroneous.

Thirdly. This instruction embodies the idea that if the jury found from the evidence that the defendant " proceeded to the house of Mattie Pridmore's parents for the purpose of forcibly carrying her away, in order to further debauch and degrade her, this alone would have deprived him of the right to urge that he acted in self-defense in assaulting John Pridmore. But the instruction failed to state that, before the unlawful purpose with which he went there could have the effect to cut off his right to be heard to say that he acted in necessary self-defense in making the assault, it was necessary that they should find from the evidence that there was an attempt to carry such unlawful purpose into effect. The law does not punish evil intent unaccompanied with an effort to carry such intent into effect, even where the intent, coupled with an attempt to carry it into effect, would constitute an aggravated crime.

It is well settled that, to constitute an assault with intent to kill, it must appear from the evidence that the assault was made with a specific intent to take the life of the person assaulted ; and that if death had ensued from the assault, the offense would have been murder in either the first or second degree.

The intent to take life, even where a deadly weapon is used in making the assault, is not a presumption of law arising from the assault or the use of the deadly weapon, in a prosecution for assault with intent to kill ; it is a question of fact for the jury to determine from the evidence. It is competent for the jury to infer or find as a fact from the use of a deadly weapon, if the circumstances of the case warrant, that the person using it intended to take life. The presumption of such intent does not arise as a matter of law from the act, but the use of a deadly weapon is an evidentiary

*3. When right of self-defense is cut off.*

fact or circumstance to be considered by the jury in making up their conclusion. The burden of proof as to the intent is upon the State. The law defining assault with intent to kill and its constituent elements is fully and satisfactorily stated in the case of *Crisman* v. *State, ante,* p. 283, by Judge Mansfield, where the cases in this State are discussed.

For the error indicated in the said instruction, the judgment is reversed and the case remanded for a new trial.