## SHAEFFER v. STATE.

### Opinion delivered November 2, 1895.

61  241
64  530
61  241
76  288

INSANITY—EVIDENCE that defendant, charged with burglary, had a
brother, who was an imbecile all of his life, is admissible, in con-
nection with other evidence bearing upon the same subject, to
sustain the defense of mental irresponsibility.

INSANITY—TESTIMONY OF NON-EXPERT—FOUNDATION.—A non-expert
who testifies that he has for many years known defendant charged
with burglary, and what he knows of his condition, and that
he does not think defendant can distinguish between right and

wrong, so as to know it is wrong to commit burglary, does not show himself competent to give his opinion that defendant would not have sufficient mental power to keep from committing the crime, if he could distinguish between right and wrong.

INSANITY—OPINION OF NON-EXPERT.—Witnesses who testify to having seen defendant often on the street for several years do not show themselves competent to testify their opinions as to his sanity.

BURGLARY—INTENT—INSTRUCTION.—The error of refusing to instruct that "if the jury find from the evidence that the defendant did in fact break and enter the house of B. C. Black, with intent to commit petit larceny only, he would not be guilty as charged" is not prejudicial, where the law is covered by another instruction.

Appeal from White Circuit Court.

H. N. HUTTON, Judge.

*J. N. Cypert* and *Grant Green, Jr.*, for appellant.

1. It was error to refuse the continuance. Const. Ark. art. 2, sec. 10; Sand. & H. Dig. sec. 5797; 50 Ark. 165, 167; 60 Ark. 577.

2. The evidence of the mother to show the imbecility of another son is admissible as corroborative evidence. 20 S. W. 750.

3. It was error to exclude evidence as to appellant's power to control his actions, if he knew right from wrong as to the particular act with which he is charged. 60 Am. Rep. 210; 16 *id.* 408; 1 S. W. 729; 50 Ark. 518.

4. Instruction two asked was a proper one. 49 Ark. 516. The refusal was not cured by giving number one.

5. A non-expert or non-professional can testify as to sanity only after giving the facts upon which his opinion is based. 1 Rice, Ev. p. 350 (*d*), 355 (*b*); 2 Bishop, Cr. Pro. secs. 678–9; 1 Greenl. Ev. sec. 440; 13 Barb. 550; 11 Am. & Eng. Enc. Law, p. 162, note 1, and cases cited; 20 S. W. 94; 15 Ark. 601; 17 *id.* 322; 54 *id.* 598; 20 S. W. 749.

6. The presumption that a party found in possession of stolen property is the thief is not one of law, and a weak one of fact. It is not conclusive, and of itself not sufficient to warrant a conviction. 34 Ark. 443; 42 *id.* 74; 44 *id.* 39.

*E. B. Kinsworthy*, Attorney General, for appellee.

1. The court properly overruled the motion for a continuance; its discretion was not an abuse. 41 Ark. 153; 15 S. E. 982. But the refusal was not made ground of motion for a new trial. 46 Ark. 524; 51 *id.* 212; 57 N. W. 986; 12 So. 846; Sand. & H. Dig. sec. 5797.

2. The evidence of Mrs. Shaeffer was incompetent: (1) Because no effort was made to show that the insanity, if any, was hereditary. 88 Mich. 567. (2) Because it was not shown that she was an expert. 117 Ind. 284. (3) Because weak-mindedness is no defense to crime. 12 A. 163.

3. The court correctly refused to admit the evidence of Cargwill and others. 35 Pac. 856; 15 S. E. 982; 1 Greenl. sec. 440; 3 *id.* sec. 5; 95 N. Y. 316.

4. Instruction 2 asked by defendant was abstract. The testimony shows the goods taken were worth over $10. Sand. & H. Dig. sec. 1494.

5. The court properly amended the first instruction asked by defendant by adding, "or was present aiding and abetting the act." Sand. & H. Dig. sec. 1452.

6. Witnesses who are not experts may give their opinions as to mental condition, when they speak from acquaintance and actual knowledge, in support of their views. 17 S. W. 149; 10 S. E. 442; 20 N. E. 257; 6 S. W. 102; 68 Mass. 233; 22 Pac. 241, 132; 17 S. W. 172.

7. After the state has closed in rebuttal, the court properly refused to permit the defence to ask witnesses

whether defendant could distinguish between right and wrong. 15 S. E. 982; 3 Gr. Ev. sec. 5.

8. Insanity as a defence to crime must be established by a preponderance of the evidence. 32 Pac. 241; 50 Ark. 511; 14 Atl. 550; 41 N. W. 357; 30 S. C. 74; 46 Ark. 141; 47 *id.* 196.

BATTLE, J. Houston Raley and Barry Shaeffer were jointly indicted for burglary. They were charged with breaking open the store house of B. C. Black, in the night time, with the intent "unlawfully, willfully, maliciously, feloniously and burglariously to steal, take, and carry away" goods, wares and merchandise of B. C. Black, of the value of fifteen dollars. They were tried separately, and Shaeffer was convicted.

Evidence held competent to prove insanity.

1. One of Shaeffer's defenses was that he was laboring under such a defect of mind as not to know the nature and quality of the act with which he was charged; or, if he did know, that he was ignorant of doing wrong in committing it. In connection with other evidence tending to sustain this defense, he offered to prove by his mother that "she had another son, just two years older than the defendant, who lived to be eight years of age, and was all of his life an imbecile, not knowing either his father or mother, and not being able to walk or talk;" and the court refused to admit the evidence. In this it erred. Such evidence is cumulative, and is only admissible in connection with other evidence bearing upon the same subject. *People* v. *Garbutt*, 17 Mich. 9; Wharton & Stille's Medical Jurisprudence, secs. 375, 377.

Admissibility of testimony of non-expert.

2. Appellant introduced John Cargwill and others as witnesses, who testified that they had known him for many years and what they knew of his condition; and that they did not think that he was able to distinguish between right and wrong to such an extent as to be able to know that it was wrong to commit burglary or

larceny.   After this his attorneys asked him the follow-
ing question :   "From your observation of the defend-
ant during your acquaintance with him, and from the
acts you have detailed, do you think, if he could distin-
guish between right and wrong as to a crime like he is
charged with, he would have sufficient mental power to
keep from committing the crime?"   They were not per-
mitted to answer it, and no error was committed in the
refusal.

When a person's mental condition or capacity is in
question, the opinions of witnesses, who are not experts,
as to such capacity are only admissible in evidence,
when taken in connection with the facts upon which
such opinions are based.   Before such evidence can be
admissible, "the specific facts upon which the opinions
are based must first be stated by the witnesses, or their
testimony must show that such intimate and close rela-
tions have existed between the party alleged to be insane
and themselves as fairly to lead to the conclusion that
their opinions will be justified by their opportunities
for observing the party."   In other words, the opinion
of such a witness is not admissible in evidence until it
be first shown by his own testimony that he has informa-
tion upon which it can reasonably be based.   Whether
the information is sufficient for that purpose is a ques-
tion for the court to decide before it can be admitted.
After its admission, the weight to be given it is de-
termined by the jury.   Buswell on Insanity, secs, 240,
241, and cases cited.

In the case under consideration, the foundation laid
was not sufficient to render the opinion sought admis-
sible as evidence.   The witnesses did not show that
they had opportunities to know what capacity the ap-
pellant had to resist any propensity or temptation to
commit what constitutes burglary or larceny, if done
by a sane person.   The facts within their knowledge

convinced them that he could not distinguish between right and wrong as to such crimes. In their opinion, the opportunity never had offered itself for them to determine whether he could abstain from the commission of the crime of burglary, when he knew or believed such crimes were wrong, and he had an opportunity to commit any of them. Never having seen him tested under such circumstances, they could form no opinion as to his capacity to refrain from the commission of the crime charged against him, which would be admissible as evidence. How could they? Upon what could they base it?

No foundation having been laid for the introduction of the opinion sought by the question propounded, which the court refused to allow witnesses to answer, there is no occasion for us to consider the admissibility of evidence to show that appellant was incapable of resisting an impulse to commit the acts with which he was charged. As to the admissibility of such evidence, there is a conflict of authority, and we express no opinion.

Opinions of non-experts as evidence.

3. To rebut the evidence adduced by the appellant to show that he did not have the capacity to distinguish between right and wrong as to the acts with which he was charged, the state introduced J. L. Moore, B. C. Black, and others as witnesses. Moore testified as follows: "I have known the defendant for five or six years. During that time I have seen him on the street very often. I have never had him working around me. From what I have seen of him during that time and observed, I don't think there is anything wrong with him." Black said: "I have seen the defendant on the street for several years. I never noticed anything peculiar about him. From what I have seen of him, I never thought but that he was all right." All this testimony was admitted over the objection of the appellant. In

this the court erred. They did not show that they were possessed of information sufficient to form an opinion entitled to be adduced as evidence.

4. The appellant asked and the court refused to give the following instruction : "If the jury find from the evidence that the defendant did in fact break and enter the house of B. C. Black with the intent to commit petit larceny only, he would not be guilty as charged, and the jury should acquit him." *When error not prejudicial.*

While this instruction was covered by one given, and no reversible error was committed in refusing it, the court would have done well if it had granted the request. Had it done so, the jury would more certainly have understood their duty in the premises.

There are other questions in the case, which we deem unnecessary to notice in this opinion.

For the errors indicated, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.