BROWN *v.* STATE.

Opinion delivered December 18, 1922.

1. CRIMINAL LAW—PRESUMPTION AS TO INTENTION.—While it is true as a general rule that every person is presumed to contemplate the ordinary and natural consequences of his acts, such presumption does not arise where the act fails of effect or is attended by no consequences; and where such act is charged to have been done with a specific intent, such intent must be proved, and not presumed from the act.

2. HOMICIDE—INSTRUCTION—PRESUMPTION.—It was error in a prosecution for assault with intent to kill to instruct that every sane man is presumed to intend the natural and probable consequences of his acts.

3. HOMICIDE—INSTRUCTION.—An instruction in a prosecution for assault with intent to kill which told the jury that the proof must show a specific intent to take life, but also that every sane man is presumed to intend the natural and probable consequences of his acts, was contradictory within itself and was calculated to confuse and mislead the jury.

4. CRIMINAL LAW—GENERAL OBJECTION TO INSTRUCTION.—An instruction in a prosecution for assault with intent to kill which told the jury that the proof must show the specific intent to take life, and also that every man is presumed to intend the natural and probable consequences of his acts, is so inherently erroneous that a general objection to it was sufficient to call attention to the erroneous portion of it.

5. CRIMINAL LAW—REFUSAL OF INSTRUCTION.—A contention on appeal that the trial court erred in refusing a prayer for instruction cannot be considered where appellant fails to set out all of the instructions given.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; reversed.

*G. P. George,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

WOOD, J. This is an appeal from the conviction of appellant on an indictment which in proper form charged him with the crime of assault with intent to kill one Dewey Pierce. The testimony on the part of the State tended to show that a dance was given at the home of Zack Robertson in Ashley County, Arkansas, on the night of the 22d of April, 1922. At the conclusion of the dance Deverous Brown, son of appellant, and Aubrey Chadwick were engaged in a fight. Brown shoved Chadwick off the gallery. Brown was a man and Chadwick a mere boy. Dewey Pierce asked Brown to let Chadwick alone. Brown thereupon turned and started toward Dewey Pierce. Whereupon Pierce struck him in the head with his fist. Brown and Pierce then began to fight. As soon as the fight started, appellant drew his knife, ran upon the gallery behind Pierce and began cutting him in the back. Pierce started to run and fell off the gallery and became entangled in some vines or wire. Appellant jumped off the gallery, went around to where Pierce was, and again cut him with the knife in several places. Pierce broke loose from appellant and ran. Appellant pursued him and caught him while he was climbing the front yard fence and again cut him with the knife. Pierce succeeded in getting away from appellant, and as he was running away appellant remarked, "Dewey, what in the world is the matter with you? By G——, I'll kill you." Appellant also stated soon after the difficulty, "I sure did give Dewey a bad lick when he went over the fence. Some of them will find him out in the bushes dead some time right away." Pierce received nine wounds as the result of the attack by the appellant, which almost resulted in the loss of his life. Pierce at no time made any hostile move toward the appellant.

The appellant's defense was that he did not attack Pierce with a knife; that the fight was between his son

and Pierce, in which both used their knives, and that his son inflicted the wounds upon Pierce in self-defense.

Among the court's instructions was the following: "While it is necessary that the proof should show a specific intent to take life in order to constitute the crime of assault with intent to kill, it is not necessary that this intent should be shown by direct and positive evidence, but it may be shown by facts and circumstances, and, in determining whether such intent existed, you will take into consideration the manner of the assault, the nature of the weapon used, the manner in which it was used, the nature and location of the wounds inflicted, the statements of the defendant, if any, and all other facts and circumstances tending to show the state of his mind, and in this connection you are instructed that every sane man is presumed to intend the natural and probable consequences of his acts."

The appellant entered a general objection to this instruction.

Instruction No. 12 was erroneous because it concludes with the following clause: " * * * and in this connection you are instructed that every sane man is presumed to intend the natural and probable consequences of his acts." In *Lacefield* v. *State,* 34 Ark. 275-280, we said: "Whilst it is true that every person is presumed to contemplate the ordinary and natural consequences of his acts, such presumption does not arise where the act fails of effect, or is attended by no consequences, and where such act is charged to have been done with a specific intent, such intent must be proved, and not presumed from the act." See also *Scott* v. *State,* 49 Ark. 156; *Chrisman* v. *State,* 54 Ark. 283; *Beavers* v. *State,* 54 Ark. 336; *Clardy* v. *State,* 96 Ark. 52; *Davis* v. *State,* 115 Ark. 566; 13 R. C. L. 99, sec. 103; 3 Bishop's New Criminal Law, 1289 to 1290; 7 Ency. of Evidence, 584.

The clause of the instruction above quoted was erroneous because it was necessary for the State to prove that the appellant assaulted Pierce with the specific intent to take his life. While the court correctly so told

the jury in the first part of the instruction, yet, by the language of the concluding clause, the jury were told that the intent would be presumed from the consequences of his acts. The instruction as a whole was thus rendered contradictory within itself, and was calculated to confuse and mislead the jury. The instruction was prejudicial, because the appellant denied that he assaulted Pierce at all. If appellant had admitted the assault and that he intended to kill Pierce, but that the assault was in the defense of his life, the instruction would not have been prejudicial. See *Coulter* v. *State,* 110 Ark. 209.

The Attorney General concedes that the instruction was erroneous and prejudicial, but suggests that the court consider whether or not the attention of the trial court should have been drawn to the erroneous language by a specific objection. The objectionable language rendered the whole instruction erroneous, and inherently so. Therefore a general objection to the instruction was sufficient.

The appellant also contends that the court erred in refusing his prayer for another instruction, which we do not set out and comment upon, because all the instructions are not set out in appellant's abstract. Therefore if the refused prayer were correct and should have been given, the record does not show any error in the court's ruling, for the reason that the court may have covered the prayer for instruction by other instructions which were given. For the error in giving instruction No. 12, containing the erroneous language indicated, the judgment is reversed and the cause remanded for a new trial.