## In re RAMON'S ESTATE.

### RAMON et al. v. WORSHAM.
### No. 1227—5596.

Commission of Appeals of Texas, Section B.
March 4, 1931.

Hicks, Hicks, Dickson & Bobbitt, Schlesinger & Schlesinger, and Harry L. Howard, all of San Antonio, and Pope, Pope & Pope, of Laredo, for plaintiffs in error.

Mann, Neel & Mann, of Laredo, for defendant in error.

LEDDY, J.

Application was made in the county court of Webb county to probate the will of Eu-

genio T. Ramon, deceased, by defendant in error, Thomas Worsham, Jr., who was named executor in such instrument.

A sister of testator, Vincenta R. de Gongora, joined by her husband, filed a contest of the will setting up lack of testamentary capacity in the testator and charging the use of undue influence upon him to procure its execution.

Upon trial in the county court, judgment was entered probating the will, from which the contestants duly perfected an appeal to the district court.

After the case reached the district court, the proponents of the will filed a plea setting up that one Angelita Sobreville had filed an independent suit in the county court contesting the will, and was therefore a proper party to this suit, and she was made a party in the district court for the first time. She filed an answer setting forth that she was the common-law wife of testator at the time of his death, and joined the other contestants in seeking to set aside the will on the ground of lack of testamentary capacity upon the part of the testator and because of undue influence brought to bear upon him to bring about the execution of the will.

The case was submitted to a jury on special issues covering the two issues involved, both of which were answered by the jury in favor of the defendant in error. Thereupon the court entered judgment admitting the will to probate and denying the plaintiffs in error Vincenta R. de Gongora and Angelita Sobreville the relief prayed for.

■■ The plaintiff in error, Angelita Sobreville, presents several assignments challenging the correctness of the ruling of the trial court in several particulars which could only have affected her as a contestant. None of the questions presented by her can be considered by this court for the reason that the judgment of the district court as to her is void, because it appears from the face of the record she was not a party to the contest of the will in the probate court from which the appeal was taken to the district court. She became a party to this suit for the first time after the cause had reached the district court on appeal from the judgment rendered in the county court. Under such circumstances, the district court was wholly without jurisdiction to render any judgment in favor of or against her, except to enter an order dismissing her from the case. Leatherwood v. Stephens (Tex. Com. App.) 24 S.W.(2d) 819.

■■ The probate court, under our law, is vested with exclusive original jurisdiction in the matter of probating wills. Const. art. 5, § 16; article 3433, R. S. 1925; Hutchens v. Dresser (Tex. Civ. App.) 196 S. W. 969. The district court has no original jurisdiction in such matters; it being confined to the exercise of appellate jurisdiction over judgments rendered in the probate court. Const. art. 5, § 8; articles 3290, 3291, R. S. 1925; O'Neil v. Norton (Tex. Com. App.) 29 S.W.(2d) 1060. It is true that, when an appeal is taken from a judgment probating a will in the county court, the case is tried de novo in the district court, but such trial must be between the same parties who appeared in the county court. Leatherwood v. Stephens, supra. If the district court should attempt to exercise power to adjudicate the rights of persons not parties in the contest of a will in the probate court, it would constitute the exercise of an original, instead of an appellate, jurisdiction, which it does not possess under the laws of this state. Franks v. Chapman, 60 Tex. 46; Franks v. Chapman, 61 Tex. 576; Heath v. Layne, 62 Tex. 686; Fisher v. Wood, 65 Tex. 199.

■ The fact that there was pending in the county court a proceeding instituted by Angelita Sobreville to contest the will involved in this case would not operate to give the district court jurisdiction over her contest made for the first time in this case in the district court. Such jurisdiction would not attach until the case instituted by her in the county court had been tried and an appeal perfected therefrom to the district court.

■■ The evidence on the issue of insanity of testator at the time he executed the will was very sharply conflicting. In this state of the record plaintiffs in error offered to prove by the county clerk of Webb county, and by introducing three separate judgments of the county court of Webb county, showing Manuel Ramon, brother of testator, had been three times adjudicated of unsound mind by such court, and also that he died in the Southwestern Insane Asylum at San Antonio while confined under one of these judgments. Defendant in error objected to this testimony on the ground that it was immaterial to any issue in the case and that no proper predicate had been laid because it had not been shown that the insanity from which the brother of testator was suffering was of a hereditary nature. These objections were sustained by the trial court, and the proposed evidence excluded.

We conclude this evidence was material on the issue as to the testator's sanity and should have been admitted by the trial court. While the insanity of immediate relatives of a person does not prove that he is insane, yet it is corroborative of independent testimony to that effect, and should always be received to be considered for such purpose. McLeod v. State, 31 Tex. Cr. R. 331, 20 S. W. 749; Shaeffer v. State, 61 Ark. 241, 32 S. W. 679; People v. Garbutt, 17 Mich. 9, 97 Am. Dec. 162; In re Myer, 184 N. Y. 54, 76 N. E. 920, 6 Ann.

Cas. 26; State v. Simms, 68 Mo. 305; Pringle v. Burroughs, 185 N. Y. 375, 78 N. E. 150, 7 Ann. Cas. 264; Martin v. Beatty, 254 Ill. 615, 98 N. E. 996; Lewis v. Mason, 109 Mass. 169; Com. of Pennsylvania v. Dale, 264 Pa. 362, 107 A. 743, 6 A. L. R. 1482, and cases cited .in note; Page on Wills § 703, pp. 1186, 1188; Cyc. vol. 40, p. 1155, notes 34 and 35; p. 1156, notes 42 and 43; C. J. vol. 32, p. 760, par. 565, notes 70, 71, and 72; Wharton & Stiles, Med. Jur., 375, 377.

Defendant in error insists that such testi-mony was properly excluded by the trial court because there was no evidence showing that the Ramon named in the three lunacy proceedings was in fact the brother of testator. We think this contention is refuted by the bill of exception taken to the exclusion of the evidence, as it shows the plaintiffs in error "offered to prove by the county clerk, and the records in the office of the county clerk, that Manuel Ramon, a brother of deceased, was of unsound mind after regular proceedings had in the county court for that purpose."

We do not think reversible error is shown by bill of exceptions No. 11, as it appears that the portion of the witness' testimony complained of was given before objection was made and was subsequently withdrawn by defendant in error; the jury being instructed by the court not to consider it for any purpose. The testimony was not of such an inflammatory nature as that the effect thereof on the jury could not be removed by a timely admonition from the trial court. Galveston, H. & S. A. R. Co. v. Clark, 21 Tex. Civ. App. 167, 51 S. W. 276; Galveston, H. & S. A. R. Co. v. Still, 45 Tex. Civ. App. 169, 100 S. W. 176.

In view of the reversal of the case for the reason indicated, we do not deem it necessary to pass upon plaintiffs in error's complaint as to improper remarks made by defendant in error's counsel in his closing argument to the jury, as it is not likely that such remarks will be repeated upon another trial of the case.

We recommend that the judgments of the district court and the Court of Civil Appeals [20 S.W(2d) 351] be reversed, the cause dismissed as to Angelita Sobreville, and remanded for another trial between the remaining parties.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause dismissed as to certain parties, and remanded as to others, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.