BARRETT *v.* STATE.

Crim. 3867.

Opinion delivered January 8, 1934.

*M. F. Elms,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

SMITH, J. Appellant was tried under an indictment containing two counts, and was convicted upon each of them. The first charged him with the commission of the crime of burglary; the second with that of grand larceny. It is insisted that the testimony is insufficient to sustain either charge, and it is especially urged that the conviction for grand larceny must be reversed for the reason that the property obtained upon entering the house broken into did not exceed ten dollars in value.

The stolen property consisted principally of wearing apparel and a leather hand bag, and the owner stated the aggregate value of all the stolen property was between thirty-five and forty dollars. He was asked the value of the hand bag, as well as that of other articles stolen, and stated that the bag cost $25, but he was not asked, and did not state, what its value was at the time it was stolen. He was asked about the shirts which had been stolen, and stated there were four of these, and that they were worth a dollar each. The owner stated that nine pairs of socks were stolen, worth fifty cents a pair. He also testified that some handkerchiefs and some underwear were taken, but did not state the quantity or value of these articles. Appellant testified that he had one suit of the underwear, and, when asked its value, stated that it was worth "about a dollar or a dollar and a half."

In the case of *Cush* v. *State*, 180 Ark. 451, 21 S. W. (2d) 616, the accused was charged with having stolen cotton worth from five to seven cents per pound, and it was there said that the jury was at liberty to accept any figure between the minimum and maximum value of the property as shown by the testimony. And the jury was warranted here in finding that the value of the underwear was $1.50, it being unlikely that appellant would have overvalued it, in view of the importance of this testimony and its consequences to him. This makes a value of $10, and, if any value is given to the handkerchiefs and the hand bag, an aggregate value in excess of ten dollars was shown, and this is sufficient to sustain the charge of grand larceny. Section 2488, Crawford & Moses' Digest; *Jackson* v. *State*, 73 Ark. 101, 83 S. W. 651.

What we have said about the value of the property stolen is sufficient to dispose of the insistence that the testimony failed to show that a dwelling house was broken into and entered with the intention of committing a felony.

However, the crime of burglary might be complete even though the value of the stolen property did not exceed ten dollars; indeed, it might be complete when the intended felony was not committed at all, as, for instance, in the case of a burglar who, having broken and entered, fled upon having his presence discovered before he had consummated his intention. It is true, of course, that to constitute burglary a breaking and entering must have been done "with the intent to commit a felony." Section 2432, Crawford & Moses' Digest. But it was not insisted at the trial from which this appeal comes that appellant broke into and entered the house with the intention of committing only the offense of petit larceny, which is not a felony.

In the case of *Shaeffer* v. *State*, 61 Ark. 241, 32 S. W. 679, it was held to be error to refuse an instruction upon the trial of an accused for burglary, that if "the defendant did in fact break and enter the house of B. C. Black, with intent to commit petit larceny only," he was not guilty of burglary.

In the instant case, no such instruction was asked, nor does there appear to have been any testimony upon which it could have been based, as appellant made no contention that he intended only to commit the crime of petit larceny. His contention is that he did not commit burglary because the value of the stolén property did not exceed ten dollars.

In the case of *Harvick* v. *State*, 49 Ark. 514, 6 S. W. 19, a burglary conviction was sustained although the property stolen was stated in the opinion to be of a value less than ten dollars. It was there said that: ''It was not necessary, in order to complete the crime of burglary, that his anterior intent'' (to steal) ''should have been consummated.'' In that case the burglar broke into a barber shop and carried off five or six dollars which he found in a small safe. It was insisted that this money, together with other articles stolen, did not exceed ten dollars in value, and that the crime of burglary had not been committed for that reason. In overruling this contention it was said: ''But if there had been no other property'' (in the shop) ''except that taken, the case would not be altered. The prisoner intended to take all the money there was in the safe. He testified to that fact upon the stand. He did not know that it contained less than ten dollars. His intent was to take more than that sum if he could find it, hence the intent to commit a felony.''

The clear implication of that opinion is that the burglar, who has broken and entered with the general intent to steal, may not escape the consequences of his act because of the fortuitous circumstance that his loot was not as valuable as he anticipated it would be. See *Duren* v. *State*, 156 Ark. 252, 245 S. W. 823, and cases there cited.

We conclude therefore that the testimony was sufficient to sustain the conviction upon each count, and the judgment must therefore be affirmed. It is so ordered.