FERGUSON *v.* STATE.

4643                                      234 S. W. 2d 990

Opinion delivered December 4, 1950.

Rehearing denied January 15, 1951.

O. D. *Longstreth, Jr.,* and *Joseph Brooks,* for appellant.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

HOLT, J. June 13, 1950, a jury found appellant, George Ferguson, guilty of the crime of murder in the first degree. The penalty of death was imposed.

The only defense offered by appellant was that of insanity.

March 6, 1950, at about one P. M., appellant walked into the office of the Monarch Mill and Lumber Company, Little Rock, and without warning shot Durwood Miller, head shipping clerk, with a twelve gauge shot gun. The charge entered the side and back of the victim, killing him almost instantly. Miller was standing at his desk at the time. Ferguson had been employed by the lumber company for some time prior to the killing and Miller was his immediate supervisor.

Appellant, was by information, charged with the crime March 7, 1950, and thereafter on the 27th, committed to the State Hospital, where he remained for ob-

servation until April 21st. On the latter date, report was made which recited: "We have completed our examinations in the case of George Ferguson, colored, who was admitted to the State Hospital under Act No. 3 from Pulaski County, Arkansas, and I hereby certify that the following is a true and correct report of my findings in this case: Diagnosis: Without psychosis. 1. It is our opinion that George Ferguson was mentally competent and responsible for his actions at the time of their alleged commission. 2. It is further our opinion that George Ferguson is mentally competent and responsible at the time of this mental examination. Very truly yours, (signed) George W. Jackson, George W. Jackson M.D., Supt. & Examining Physician—(signed) Oscar Kozberg, Oscar Kozberg M.D., Asst. Supt. & Examining Physician."

May 12th, appellant filed petition requesting that he be recommitted for further observation. Thereafter, on the 18th, on a hearing, testimony being presented, his petition was denied and as indicated, he was put on trial and convicted June 13th.

This appeal followed.

Appellant's motion for a new trial contained three assignments of alleged errors. "1. That the court erred in denying the motion of defendant's attorneys that defendant be given certain stipulated personality tests by the State Hospital and that they be furnished with said information elicited by these tests thus violating the constitutional rights of the defendant by denying him process to obtain necessary witnesses and testimony essential to his defense.

"2. That the Court erred in admitting in testimony over the objections of defendant's Attorneys the report of and allowing the Doctors making report to testify as to their conclusions on the sanity of the defendant when said report and said testimony of Doctors was based in part and in fact framed as to its conclusions by statements obtained from the wife of said George Ferguson thus using his wife's testimony indirectly to convict him.

"3. That the verdict of the jury of murder in the first degree without recommendation, thus carrying the death penalty is not sustained by the evidence developed in this case and is contrary to the law of Arkansas applicable thereto."

This being a capital case, it becomes our duty to consider, in addition to the above assignments, all objections made and ruled upon by the trial court, whether or not included in the motion for a new trial, *Alexander* v. *State,* 103 Ark. 505, 147 S. W. 477.

—(1)—

As to appellant's first assignment, our statute (Ark. Stats. 1947, § 43-1301) provides that for the purpose of observation, the Circuit Judge shall "commit the defendant to the Arkansas State Hospital for Nervous Diseases, where the defendant shall remain under observation for such time as the court shall direct, not exceeding one month. The judge shall order the superintendent or supervising officer of the State Hospital to direct some competent physician or physicians employed by the State Hospital to conduct observations and investigations of the mental condition of the defendant, and to prepare a written report thereof."

As we view the record, this provision of the statute was literally followed in the present case. The specialists, Dr. Jackson and Dr. Kozberg, were "competent physicians" employed by the State Hospital to conduct mental tests. We find no evidence that the tests and observations used by those physicians were not proper and sufficient, as contemplated by the act, to support the above report, or that appellant's mental condition was other than that shown by the report.

Appellant argues that certain "personality tests" should also have been employed in determining the question of sanity, but we find no evidence to support such a contention. He also suggests that he was not kept under observation or "examined over the period required by the act." This suggested error was answered by

this court contrary to appellant's contention in *Brockle-hurst* v. *State,* 195 Ark. 67, 111 S. W. 2d 527. Since the date of this decision (November 29, 1937) the Legislature of 1949 passed Act 256, section 3 of which provides: "Any order made by any Circuit Judge for the observation and examination of a defendant in a criminal case shall direct the superintendent of the State Hospital, or those in charge thereof, to hold, examine and observe the defendant for a period of not more than thirty days, but such order shall not be construed as directing that the party be retained for that period of time, if his condition is determined and proper report thereon can be made in a period of less than thirty days." (Now Ark. Stats. 1949 Supp. § 43-1306).

—(2)—

Appellant's second contention that the report was improperly admitted, for the reason that in arriving at their conclusions, the physicians based said report on a statement of appellant's wife which had been procured from a social worker, "thus using his wife's testimony indirectly to convict him."

The answer to this contention is that while the wife's statement, to the social worker, was considered along with all other information by the physicians while they had appellant under observation, however, no part of the wife's statement ever reached the jury except what was brought out by appellant on cross-examination. Neither appellant nor his wife testified in the case. We hold, in the circumstances, that appellant is in no position to complain and no prejudice to his rights appears.

—(3)—

Appellant's third assignment to the effect that the evidence was insufficient to warrant the jury's verdict is without merit. As has been pointed out, appellant's only defense was insanity. He did not testify and produced no witness in his own behalf. He must, therefore, rely, in defense, on any disclosures that might have arisen from any circumstances established by the prosecution,

and we find none. As we read the testimony, without attempting to detail it, it establishes every element of murder in the first degree. In other words, appellant's act amounted to the unlawful, willful, deliberate, malicious, and premeditated killing of Durwood Miller, without any mitigating circumstances or excuse whatever.

Next appellant objected to the following ruling of the trial court in chambers. "Let the record show that the court declares that inasmuch as no testimony has been introduced by the defendant bearing on the question of insanity and no instructions being offered to the court by either party, none will be given on this point," and says: "Not only did the court make such ruling as the above in chambers but he went further than that and over the strenuous objection of the defendant made the following statement to the jury: 'Gentlemen of the jury, the State has rested and the defense has also rested. In view of the fact that there was no testimony at all on the question of sanity, the court does not feel called upon to give you instructions on that subject.'"

We find no error here for the reason that, as above noted, we have been unable to find any evidence tending to contradict the above report of the examining physicians at the State Hospital, to the effect that appellant was sane at the time he killed Miller and on the date of trial. The court was not required to give an abstract instruction. *Clingham* v. *State,* 207 Ark. 686, 182 S. W. 2d 472.

We have not overlooked other objections made by appellant. It suffices to say that after a careful review, we find them to be without merit.

Finding no error, the judgment is affirmed.