FRENCH *v.* STATE.

4964                                          331 S. W. 2d 863

Opinion delivered February 15, 1960.

Charles E. Scales, for appellant.

Bruce Bennett, Attorney General, By: Russell J. Wools, Asst. Attorney General, for appellee.

ED. F. McFADDIN, Associate Justice. On legal information appellant, Danny French, was tried on charges of burglary (§ 41-1004 Ark. Stats.) and grand larceny (§ 41-3901 *et seq.* Ark. Stats.); and from a conviction of burglary and petit larceny (§ 41-3907 Ark. Stats.), he prosecutes this appeal. The motion for new trial contains seven assignments.

I. *Sufficiency Of The Evidence.* This embraces Assignments 1, 2, and 3 in the motion for new trial. Mr. and Mrs. Loyd House operate a grocery store in Little Rock and have living quarters connected to the store. On a Sunday evening in November 1958, while the Houses were in the living quarters, one of the children reported that someone was in the store. Mr. House went through a hall in the rear and observed a man in the store. There was a reflector light shining toward the front door and the man was trying to open the door from the inside. Mr. House observed the intruder for several minutes; and when the latter saw Mr. House some ten or eleven feet away, he threw some cigarettes at Mr.

House and said: "You'd better not come up here or I'll kill you". Mrs. House had followed Mr. House into the store and she likewise observed the intruder. When Mr. House told her to go get his gun, the intruder kicked out the glass in the front door and escaped. Law enforcement officers were immediately called, and the investigation disclosed: that the intruder had gained entrance into the store by prizing open a window in a storage room; that cigarettes were scattered all over the floor of the store room; that the cash register had been rifled, and that approximately $24.00 in currency had been taken. The police decided that the description of the intruder, as given by Mr. and Mrs. House, fitted the defendant, Danny French; and he was apprehended about ten days later.

At the trial Mr. and Mrs. House both positively identified the defendant as the intruder they saw in the store. There was evidence offered on behalf of the defendant contradicting the identification, and the defendant stoutly denied the crime; but from what we have detailed it is readily apparent that there was ample evidence to take the case to the jury and to support the verdict rendered on each of the offenses. *Barrett* v. *State,* 188 Ark. 510, 67 S. W. 2d 202; *Thompson* v. *State,* 177 Ark. 1, 5 S. W. 2d 355.

II. *Objection To Testimony.* This is Assignment No. 4 in the motion for new trial, and reads:

"That the Court erred in overruling defendant's objection to the witness, Lloyd House, testifying that he identified the defendant outside of the room where the defendant was in a line-up; . . ."

When the defendant was apprehended about ten days after the crime, Mr. House went to the police station and viewed a line-up of seven or eight persons, including French; and then told the officers that French was the man. At the trial when Mr. House was testifying, the following occurred:

"A. I walked up and faced the group of men lined up there and I started to my right and looked each one

over and this gentleman (indicating the defendant) was standing there, the last one, and I said, 'I have seen all I want to see'.

Q. Which one was 'this gentleman'?

A. Danny French.

Q. What did you tell the detectives?

A. I told them I had seen all I wanted to see and after I came out of the building—

MR. SCALES: Your Honor, I want to object to anything he said after he left the building or to any conversation that took place out of the presence of the defendant.

THE COURT: Just ask him if he identified the defendant.

Q. (By Mr. Robinson) Did you identify the defendant outside the room?

A. Yes, sir.

MR. SCALES: I object to that.

THE COURT: Overruled.

The defendant objected to the above ruling of the Court and at the time asked that his exceptions be noted of record, which was accordingly done.

Q. You got outside and told the detectives?

A. I told them that was the man, the last man on the left.

Q. Why didn't you identify him inside the room?

A. I couldn't see any need of pointing a finger at him.

Q. You didn't want to point your finger at him?

A. That's right.

Q. Did you have any doubt about that person being the one you picked out?

A. Not at all.

Q. Was that the same person you saw on the night of the 16th of November?

A. Yes, it was.

Q. Do you have any doubt about that?

A. None at all."

There was no further objection or exception to this line of testimony. The appellant urges that the ruling of the Court was in error, since Mr. House did not announce his identification of the defendant in so many words in the presence of the accused; and the appellant cites these cases: *Gill* v. *State,* 194 Ark. 521, 108 S. W. 2d 785; *Warren* v. *State,* 103 Ark. 165, 146 S. W. 477; *Burks* v. *State,* 78 Ark. 271, 93 S. W. 983. There are several answers to appellant's insistence. In the first place, the objection was: ". . . I want to object to anything he said after he left the building or to any conversation that took place out of the presence of the defendant". The Court, in effect, sustained that objection, because the Court instructed the State's Attorney: "Just ask him if he identified the defendant". The question was then framed: "Did you identify the defendant outside the room?" The answer was, "Yes, sir"; and to that answer there was an objection and exception. Certainly it was proper for the witness to answer that question and state when and where he identified the defendant.

Secondly, after the exception was saved, the State had the witness explain the identification; and as to that testimony there was *no objection or exception.*

And finally, the identification of the accused by the witness was not an attempt to support or bolster the previous testimony of the witness (as was the situation in *Burks* v. *State, supra*), or to have the testimony substantiated by others (as in *Warren* v. *State, supra*), or to show what other witnesses said (as in *Gill* v. *State, supra*). Rather, in the case at bar the witness House was giving a mere background account of events at the

time he identified the defendant at the police headquarters.

The fact remains that Mr. House positively and unequivocally identified the defendant and "pointed the finger" at him before the jury and in the course of the trial from whence comes this appeal. The identification at the trial complied with all rules of confrontation (Art. 2, § 10 of the Arkansas Constitution); because there was actual confrontation, and also cross examination of the witness at the trial. *Hickinbotham* v. *Williams,* 228 Ark. 46, 305 S. W. 2d 841.

III. *Instructions.* Assignments 5, 6, and 7 challenge the rulings of the Court in regard to instructions. We find no error committed. Instruction No. 1 was on the presumption of innocence; No. 2 on reasonable doubt; No. 3 on credibility of the witnesses; No. 4 was a cautionary instruction; No. 5 contained a definition of the offenses for which the accused was being tried; and No. 6 related to the various possible verdicts the jury might render. These instructions were all proper and correct. The defendant requested, and the Court refused to give, the defendant's requested Instruction No. 1, which read:

"Where an arrest is made without a warrant, whether by a peace officer or private person, the defendant shall be forthwith carried before the most convenient magistrate of the County in which the arrest is made, and the grounds on which the arrest was made shall be stated to the magistrate."

The Court committed no error in refusing this instruction because it was abstract. *Ferguson* v. *State,* 218 Ark. 100, 234 S. W. 2d 990. If there had been any evidence to introduce a confession, then an instruction like, or somewhat resembling, the one requested might have been proper; but in this case there was not the slightest indication of any attempt to show anything the defendant might have said while he was under arrest. The requested instruction was as foreign to the issues of this trial as would have been an instruction on the law of speeding or the right of an elector to vote. Instruc-

tions must be germane to the issues before the refusal can be claimed as error. *Pleasant* v. *State*, 15 Ark. 624; *Gallaher* v. *State*, 78 Ark. 299, 95 S. W. 463.

Finding no error, the judgment is affirmed.