THOMAS EDWARD STEVENS v. STATE OF ARKANSAS

5-5414                                                    441 S.W. 2d 451

Opinion Delivered June 2, 1969

*Garner & Parker* for appellant.

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty. Gen.; *Mike Wilson,* Asst. Atty. Gen. for appellee.

FRANK HOLT, Justice.   The appellant was charged with the crime of first degree rape.   The jury found him guilty of assault with intent to rape and assessed a penalty of 21 years in the penitentiary.   From the judgment on this verdict comes this appeal.   For reversal appellant contends, through court appointed counsel, that the evidence is insufficient to establish that the appellant was capable of forming the necessary specific intent to commit the alleged offense.

The victim was a seven-year old child who was attending a drive-in theater with her mother and other relatives.   The offense occurred about midnight.   Earlier in the evening, or about 7:30 p.m., the appellant, who is nineteen years of age, accompanied by his uncle and two other boys, drove approximately fifteen miles from Fort Smith where they engaged in a two hour beer-drinking and glue-sniffing party.   The appellant drank two or three six-packs of malt liquor and sniffed two or three tubes of glue.   En route back to Fort Smith the appellant consumed about one-half of a pint bottle of whiskey.

When the appellant and his party returned to Fort Smith, they went to a local drive-in theater.   Because of lack of funds, the appellant and two in his party gained entrance by climbing over the fence while the driver of the vehicle proceeded to pay for his admission.   All of them met at the automobile for a short time.   The appellant observed some children playing on the movie playground.   He then gave them some firecrackers and rode on the merry-go-round with them.   The appellant picked up the seven-year old victim and forcefully carried her behind the movie screen.   Her small brother fought him and then sought the assistance of the adults in his party.   Appellant was found by the victim's mother and

another adult on top of the child with one hand around the child's throat and the other hand in a position "somewhere down below" the waistline. The child's dress was pulled up. The appellant was forcefully pulled off the child. His attempt to escape by climbing a nearby fence was prevented and he was taken into custody. There was evidence of bruises on the child's neck, right arm and leg and a bleeding laceration of her female organs.

Appellant testified that his memory was "spotty" and he could not remember the assault. There was evidence adduced by him that he appeared to be something worse than "dog-drunk" and "out of his head". A psychiatrist testified in his behalf that, in his opinion, the appellant was in a state of limited awareness and his intoxication reduced and diminished appellant's level of consciousness. The psychiatrist further stated that the appellant might be aware of his intentions and yet be unaware of the results to him; that glue-sniffing can produce amnesia, hallucinations and delusions; and that it produced a short period of intoxication lasting from fifteen minutes to an hour.

The appellant as a witness recalled his acts immediately preceding the commission of the crime; the method of gaining entrance into the theatre; giving the children firecrackers and playing with them on the merry-go-round; remembered having the struggling little girl in his arms and her small brother asking him to release her, which request he thought he complied with; recalled trying to effect his escape by climbing the fence; and remembered that his escape was thwarted and someone set on him to prevent a further attempt to escape. There was evidence offered by the state that the appellant, although he had been drinking, was not intoxicated and appeared rational and responsible for his acts when he was observed and questioned a short time after being apprehended.

Where an offense can only be committed by doing a particular thing with a specific intent it may be shown that at the time the offense was committed the accused was so intoxicated that he could not have entertained the intent necessary to constitute the crime. *Chowning* v. *State*, 91 Ark. 503, 121 S.W. 735 (1909). However, the determination as to whether a defendant is intoxicated to the extent of being incapable of forming the required specific intent to commit a crime is solely within the province of the jury. *Murry* v. *State*, 209 Ark. 1062; 194 S.W. 2d 182 (1946); *Hankins* v. *State*, 206 Ark. 881; 178 S.W. 2d 56 (1944); *Casat* v. *State*, 40 Ark. 511 (1883). In *Murry* v. *State*, supra, we said:

" ... It is a matter of common knowledge that many of the most atrocious and deliberate crimes are committed by persons more or less under the influence of intoxicants, indeed in many instances, the intoxicant is used to supply the necessary fortitude to commit the criminal act, and if appellant was not intoxicated to the extent of being incapable of having the specific intent to kill, the fact that he was intoxicated, but in a less degree, is no defense..."

In the case at bar, the evidence was in conflict as to the appellant's being capable of forming the required specific intent. There is substantial evidence to support the verdict. Therefore, we find no merit in appellant's contention that he was incapable of formulating the required specific intent.

The appellant next asserts for reversal that the court erred in refusing an instruction on child molesting. Ark. Stat. Ann. § 41-1124 (Repl. 1964). This is a misdemeanor. The statute provides for punishment by a fine not exceeding $500.00 or six months imprisonment or both for "Every person who annoys or molests any child * * *." We cannot agree with the appellant. The court gave instructions on first, second and third degree rape and assault with intent to rape. In addition, the

court instructed the jury on unlawful fondling of a child. Ark. Stat. Ann. § 41-1128 (Repl. 1964). This statute provides for a penalty of not less than one nor more than five years for any person who fondles a child with lascivious intent. This latter instruction was as favorable to the appellant as he was entitled to demand. Even then the jury refused to apply this statute with its lesser penalty. No error was committed. See *Talley* v. *State*, 236 Ark. 908, 370 S.W. 2d 604 (1963). Further, the trial court is not required to give an abstract instruction. An instruction must be germane to the factual issues before the refusal of the trial court to give an instruction can be assigned as error. *French* v. *State*, 231 Ark. 677, 331 S.W. 2d 863 (1960). See, also, *Stevens* v. *State*, 231 Ark. 734; 332 S.W. 2d 482 (1960). As we have already indicated the evidence is sufficient to support the verdict of assault with intent to rape.

In the case at bar, we perceive no prejudice to the appellant by the refusal of the trial court to give the requested instruction on child molesting since the instructions given fully declared the law.

Affirmed.